**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**ALEXIS AMACKER**

**VERSUS**

**JANSSEN PHARMACEUTICAL, ET AL.**

**CIVIL ACTION**

**NO. 18-673-BAJ-EWD**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 28, 2018.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

A. Amacker Certified Mail Receipt Requested 7004 1160 0003 2648 5560

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**ALEXIS AMACKER**

**VERSUS**

**JANSSEN PHARMACEUTICAL, ET AL.**

**CIVIL ACTION**

**NO. 18-673-BAJ-EWD**

## REPORT AND RECOMMENDATION

Plaintiff, Alexis Amacker ("Plaintiff"), proceeding *pro se*, filed a form Complaint for Civil Case against Janssen Pharmaceutical and Johnson & Johnson on July 10, 2018 (the "Original Complaint"). On August 10, 2018, and following an order granting Plaintiff leave to proceed *in forma pauperis* ("IFP"),[1] a hearing was held in this matter pursuant to *Spears v. McCotter*,[2] during which Plaintiff explained to the Court the basis of his claims. Following the hearing, Plaintiff was ordered to file an Amended Complaint setting forth the citizenship of the defendants, Janssen Pharmaceutical and Johnson & Johnson.[3] On August 22, 2018, Plaintiff filed an Amended Complaint.[4] For the reasons set forth herein, the undersigned RECOMMENDS that Plaintiff's suit be DISMISSED with prejudice.

**I.    Background**

Per his Original Complaint, Plaintiff alleges that "I started taking Risperdal in 1993. While taking Risperdal, I was having dizziness, arm pains, leg pains, fluid around the heart, swollen glands, short of breath, leaking of the breast, swelling of the breast. I was diagnosed with

---

[1] R. Doc. 4.

[2] 766 F.2d 179 (5th Cir. 1985).

[3] R. Doc. 7. The undersigned provided Plaintiff a form Amended Complaint to complete in order to adequately allege the citizenship of both Johnson & Johnson and Janssen Pharmaceutical.

[4] R. Doc. 9.

1

gynecomastia.⁵ I had breast tissue removed in each breast in 1997."⁶ Plaintiff further asserts that "Taking Risperdal really messed up my life. I [sic] cause a lot of harm to my body and led to a light heart attack and even led to surgery. It have me with low self esteem and a configured chest. I am asking the courts for 3 million dollars for damages and pain and suffering."⁷

## II. Law and Analysis

### A. Standard for Dismissal Under 28 U.S.C. § 1915

On July 12, 2018, Plaintiff was granted leave to proceed IFP.⁸ Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), this Court is authorized to dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous or malicious.⁹ An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or in law.¹⁰ A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."¹¹ The Fifth Circuit has stated three standards which a district court may use to determine whether a claim is frivolous. "The first requires a determination of whether the IFP complaint has a realistic chance of ultimate success. The second requires that the complaint have 'arguable merit ... in terms of the arguable substance of the claim presented, both in law and in fact.' The third prohibits dismissal 'unless the court is satisfied 'beyond doubt' that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"¹²

---

⁵ Gynecomastia is a swelling or enlargement of the breast tissue in men.

⁶ R. Doc. 1, p. 4.

⁷ *Id*.

⁸ R. Doc. 4.

⁹ *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

¹⁰ *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).

¹¹ *Neitzke*, 490 U.S. at 327.

¹² *Green*, 788 F.2d at 1120 (internal citations omitted).

2

## B. Plaintiff Has Failed to Adequately Allege Federal Subject Matter Jurisdiction

In his Original Complaint, Plaintiff alleges that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[13]  Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."

In his Original Complaint, Plaintiff alleges that he is a citizen of Louisiana and that Janssen Pharmaceutical is a New Jersey corporation with its principal place of business in New Jersey.[14] Because Plaintiff failed to allege the citizenship of Johnson & Johnson in his Original Complaint, Plaintiff was ordered to complete a form Amended Complaint setting out the citizenship of the parties.[15]  Plaintiff filed an Amended Complaint on August 22, 2018 wherein he alleges that he is a citizen of Louisiana, that Johnson & Johnson is a Louisiana corporation with its principal place of business in New Jersey, and that Janssen Pharmaceutical is a Louisiana corporation with its principal place of business in New Jersey.[16]  Plaintiff's allegation regarding the citizenship of Janssen Pharmaceutical contradicts his allegation as set forth in the Original Complaint.  In any event, neither Plaintiff's Original nor his Amended Complaint adequately alleges complete

---

[13] R. Doc. 1, p. 3.

[14] R. Doc. 1, p. 4.

[15] R. Doc. 7 & R. Doc. 7-1.

[16] R. Doc. 9.

3

diversity necessary to sustain jurisdiction pursuant to 28 U.S.C. § 1332.[17]  However, even if Plaintiff could establish subject matter jurisdiction, dismissal would still be warranted.[18]

### C. Plaintiff's Claims Are Prescribed

"Claims brought under the LPLA [the Louisiana Products Liability Act] are governed by the one year prescriptive period for delictual actions in Article 3492 which provides in pertinent part: 'Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.'"[19]  "Although prescription begins to run from the day injury or damage is sustained, damage is considered to have been sustained only when it has manifested itself with sufficient certainty to support accrual of a cause of action."[20]  "In cases where injury or damage is not immediately apparent, prescription does not begin to run until a reasonable plaintiff would become aware of the connection between [the] condition and the defendant's alleged tortious actions, that is, until the plaintiff knows or should

---

[17] During the August 10, 2018 hearing, the undersigned explained that in order to proceed in federal court, the court must have subject matter jurisdiction. Subject matter jurisdiction exists where (1) the complaint raises a federal question (*i.e.*, involves a federal statute, treatise, or provision of the United States Constitution); or (2) the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

[18] Based on a search of the Louisiana Secretary of State's database, which did not list either defendant as a Louisiana entity, it does not appear that Plaintiff is correct in his allegation that both defendants are incorporated in Louisiana. Accordingly, subject matter jurisdiction based on diversity may exist.

[19] *Guidry v. Aventis Pharmaceuticals, Inc.*, 418 F.Supp.2d 835, 839 (M.D.La. 2006).  Although Plaintiff has not explicitly stated, review of Plaintiff's Complaint indicates that he seeks to proceed under a theory of products liability or other unspecified tort. *See*, *e.g.*, *Praman v. Janssen Pharmaceuticals, Inc.*, Civil Action No. 16-12413, 2017 WL 58469, at * 1 (E.D. La. Jan. 5, 2017) ("This is a products liability case involving the pharmaceutical drugs Risperdal® (risperidone), Risperdal Consta® (a long-acting injectable form of risperidone), Invega® (paliperidone), and/or Risperidone—antipsychotic prescription drugs used in the treatment of schizophrenia and bipolar mania.").

[20] *Id*. (citing *Cameron Parish School Board v. ACandS, Inc.*, 687 So.2d 84, 88 (1997); *Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524, 527 (5th Cir.1995); *Jones v. Honeywell Int. Inc.*, 295 F.Supp.2d 652 (M.D.La.2003)).

reasonably know that [he] has suffered damages."[21]  "IFP claims that are time-barred are properly dismissed as frivolous…."[22]

Per his Original Complaint, Plaintiff alleges that he "started taking Risperdal in 1993" and "had breast tissue removed in each breast in 1997."[23]  Based on the documents attached to Plaintiff's complaint,[24] Plaintiff's last dose of Risperdal was taken in 1995[25] and he had surgery in 1997 to reduce the size of his breasts.[26]  There is a letter from a Louisiana attorney (Kevin Tauzin), dated April 25, 2015, stating that "Tauzin & Lorio do not represent you for any claim you may have versus Johnson & Johnson involving Risperdal."[27]  There is also what appears to be a retention letter between Plaintiff and Morgan & Morgan Complex Litigation Group ("M&M") which Plaintiff looks to have signed on February 9, 2017 wherein M&M "will provide legal services to Alexis Amacker…with respect to product liability claims relating to injury/damages suffered as a result of your use of a product, pharmaceutical or medical device."[28]  Additionally, on February 19, 2016, Plaintiff filed suit against Johnson and Johnson in the United States District

---

[21] *Id.* (citing *Brown*, 52 F.3d at 527; *Grenier v. Medical Engineering Corp.*, 243 F.3d 200, 204 n. 2 (5th Cir.2001); *Boyd v. B.B.C. Brown Boveri, Inc.*, 656 So.2d 683, 686 (1995)).  *See also*, *Jenkins v. Bristol-Myers Squibb*, Civil Action No. 14-2499, 2016 WL 10100281, at * 8 (E.D. La. July 8, 2016); *Peterson v. C.R. Bard, Inc.*, Civil Action No. 13-528, 2015 WL 2239681, at * 2 (M.D. La. May 12, 2015); *Landry v. NuVasive, Inc.*, 6:16-cv-00192, 2018 WL 1321972, at * 4 (W.D. La. March 14, 2018).

[22] *Nickles v. Cain*, 623 Fed. Appx. 229 (Mem) (5th Cir. Nov. 20, 2015) (in the context of a time-barred § 1983 claim brought by prisoner seeking to proceed *in forma pauperis* on appeal).  *See also*, *Gonzales v. Ross*, 1993 WL 82062, at * 1, 968 F.2d 1210 (5th Cir. March 15, 1993) ("Because his complaint was time-barred, the district court properly dismissed it as frivolous pursuant to 28 U.S.C. § 1915(d)."); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993) (explaining that "where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" as frivolous).

[23] R. Doc. 1, p. 4.

[24] The Fifth Circuit has explained that when considering a plaintiff proceeding *pro se*, the court should examine the complaint "including attachments."  *Clark v. Huntleigh Corp.*, 2005 WL 79111, at * 1, 119 Fed. Appx. 666 (5th Cir. Jan. 12 2005).

[25] R. Doc. 1-3, p. 63.

[26] R. Doc. 1, p. 4.  *See also*, R. Doc. 1-3, p. 23.

[27] R. Doc. 1-3, p. 41.

[28] R. Doc. 1-3, p. 43-45.

5

Court for the Northern District of California.[29] Although Plaintiff's Complaint in that suit is sealed, the California court dismissed the complaint for failure to state a claim and in doing so, described claims similar to those asserted here.[30] Although the California court granted Plaintiff leave to amend, Plaintiff did not file an amended complaint and the suit was ultimately dismissed without prejudice for failure to prosecute on May 3, 2016.[31]

The Original Complaint was filed in this matter on July 10, 2018,[32] but it appears that Plaintiff knew he had suffered damages allegedly caused by Risperdal well before July 10, 2017 (*i.e.*, one year prior to filing this lawsuit).[33] In April 2015, Plaintiff sought representation regarding

---

[29] *Amacker v. Johnson and Johnson*, United States District Court, Northern District of California, 4:16-cv-00851-DMR.

[30] *Amacker v. Johnson and Johnson*, United States District Court, Northern District of California, 4:16-cv-00851-DMR, R. Doc. 6. There, the court explained that:

> Plaintiff's thirty-nine page complaint is incomprehensible, and Plaintiff asserts few, if any, discernable facts. The complaint names Johnson and Johnson as the defendant, but fails to state the basis of his suit or any alleged wrong. Plaintiff's complaint contains no allegations narrative, or legal argument for the basis for his claim. His Complaint consists solely of a collection of thirty-nine pages of documents with no explanation. These documents include letters from the law firm of McGlynn, Glisson & Mouton address to Plaintiff and Mrs. Carolyn Cooper with 'Fraud Company Crooked Fake' handwritten across the front, a handwritten page of numbers that appear to be case numbers for actions in the United States District Court for the Southern District of California, a medical assessment for an unidentified patient with diagnoses of schizophrenia, handwritten pages of notes about scams and fraud including mentions of cases filed against Johnson and Johnson, some of Plaintiff's medical records, photos of a man without a shirt, website printouts about Risperidone, a retainer agreement and power of attorney Plaintiff signed with Kevin P. Tauzin, A Professional Law Corporation, in December 2015 for a suit arising out of Risperdol, an accompanying client interview sheet, protected health information release, and a questionnaire. Plaintiff does not explain the significant of any of the documents or connect them to the Defendant or to any claim.

[31] *Amacker v. Johnson and Johnson*, United States District Court, Northern District of California, 4:16-cv-00851-DMR, R. Doc. 8.

[32] R. Doc. 1.

[33] The Louisiana Supreme Court has recognized that when a plaintiff is mentally incapacitated due to the actions of the defendant, principles of *contra non valentum* may toll the prescriptive period for bringing the claim. *See*, *Corsey v. State, through Dept. of Corrections*, 375 So.2d 1319, 1321 (La. 1979) (finding prescriptive period suspended where, due to defendant's negligence, plaintiff suffered brain injuries that left him "so mentally incapacitated…that he lacked any understanding of what happened to him and of his possible legal remedies" until over a year after the injury was sustained.). Although the papers attached to Plaintiff's Complaint include attorney correspondence referencing that Plaintiff "[a]s a mental patient…lacked capacity" to have known "to contact a lawyer," R. Doc. 1-3, p. 75, the

6

his claims. Even giving Plaintiff the benefit of the later dates, in February 2016, Plaintiff apparently filed suit seeking damages stemming from his ingestion of Risperdal and was given an opportunity to amend that suit and failed to do so, leading to its dismissal. In February 2017, Plaintiff appears to have secured representation, although he filed this matter *pro se* and confirmed to the court during the *Spears* hearing that he is not currently represented by counsel. Under these circumstances, and giving this *pro se* Plaintiff the benefit of the doubt, Plaintiff knew of his claims on, at the latest, the date he filed the California lawsuit on February 19, 2016.[34] Accordingly, the undersigned finds that Plaintiff's claims prescribed well before he filed this suit on July 10, 2018.

### III. Conclusion

Despite an opportunity to amend his allegations of citizenship, Plaintiff has failed to establish that federal subject matter jurisdiction exists. Alternatively, it is clear from Plaintiff's Complaint and the documents attached thereto that his claims are prescribed on their face. Accordingly, the undersigned RECOMMENDS that Plaintiff's suit be dismissed with prejudice.[35]

IT IS HEREBY ORDERED that a copy of this Report and Recommendation shall be sent to Plaintiff by certified mail, return receipt requested to the address listed on PACER.

---

attachments evidence that Plaintiff contacted multiple lawyers regarding his claims related to Risperdal and actually filed suit in California. Further, Plaintiff apparently also understood that there was a time limitation for the filing of his claims. *See*, R. Doc. 1-3, p. 69 (handwritten note from February 2018 initialed by "AA" stating "I understand my case may already be prohibited because of it not being filed sooner."). Finally, simply based on the proceedings thus far in this Court, Plaintiff has exhibited an understanding of his claims, as well as the concept of amending his pleadings (despite his failure to do so during the California case).

[34] Plaintiff's claims would still be prescribed even if the May 3, 2016 date the California suit was dismissed is used. Thus, it does not appear that a tolling argument would have merit.

[35] *See*, *Tigert v. American Airlines Inc.*, 2010 WL 3155238, at * 5, 390 Fed. Appx. 357, 362 (Aug. 10, 2010) (affirming district court's dismissal of time-barred claims with prejudice); *Rose v. Computer Sciences Corp.*, Civil Action No. 15-813, 2017 WL 2915580, at * 4 (E.D. La. July 7, 2017) (dismissing prescribed claims with prejudice under Fifth Circuit precedent as well as Louisiana state substantive law and explaining that "Louisiana courts consistently dismiss claims with prejudice when the dismissal is on the basis of prescription.") (collecting cases); *Landry v. NuVasive Inc.*, Civil Action No. 16-192, 2018 WL 1321972, at * 5 (W.D. La. March 14, 2018) (granting summary judgment dismissing plaintiff's Louisiana products liability claims with prejudice as prescribed).

Signed in Baton Rouge, Louisiana, on August 28, 2018.

　　　　　　　　　　　　　　　　　　　　／s／ Erin Wilder-Doomes
　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**